

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 10, 1957


Honorable O. B. Ellis
General Manager
Texas Prison System
Huntsville, Texas

Opinion No. WW-120

Re: Whether or not Humble Oil
and Refining Company has
authority or right to lay
additional lines across the
easement granted by two ease-
ment deeds: 1, dated April 7,
1928, recorded in Vol. 743,
page 526, Deed Records of
Harris County, Texas, and 2,
dated April 7, 1928, recorded
in Vol. 119, page 372, Deed
Records of Fort Bend County,
Texas.

Dear Sir:

　　　　Your request for our opinion dated April 24, 1957,
presented the following question:

　　　　"A question has developed as to the
legality and vagueness of two easement deeds
to the Humble Oil and Refining Company. The
deeds were dated April 7, 1928, recorded in
Vol. 743 on page 526 in the records of Harris
County, and dated April 7, 1928, recorded in
Vol. 119 on page 372 in the Records of Fort
Bend County.

　　　　"We respectfully request an official
opinion from you as to whether the Humble
Oil and Refining Company has authority or
the right to lay additional lines on this
grant."

　　　　The deeds to which you refer were executed in 1928
by the Texas Prison Board signed by R. H. Baker as Chairman,

with the Humble Pipeline Company being named as grantee. They provide for the laying of one pipe line across certain prison lands, with an option to lay additional lines alongside the first upon the payment, by the grantee, of like consideration for each pipe line so laid.

The Legislature in Acts,1943, 48th. Leg., p. 281, ch. 177, Sections 1 and 2, amended Article 6203d, V.C.S., to provide, for the first time, authority for the Texas Prison Board, by and with the consent of the Governor and the Attorney General of Texas, to make easement grants for pipelines crossing prison lands. This Act, however, does not purport to be retrospective in operation and,therefore, cannot be considered as aiding or validating the grant in question.

Even if the Humble Pipeline Company had the right to cross all public lands by virtue of the holding in Humble Pipeline Co. v. State, 2 S.W.2d 1018 (Civ.App.,1928, writ ref.), the Texas Prison Board had no authority to execute the subject grants and such grants were not effective for any purpose.

It is well settled in this State that persons dealing with officials of this State are charged with notice of extent of authority such officials have, and may not hold the State liable on contracts made without authority. State v. Ragland Clinic-Hospital, 138 Tex. 393, 159 S.W.2d 105; Nichols v. State, 11 C.A. 327, 32 S.W. 452.

And the State does not later ratify a contract made without authority by accepting benefits which resulted to the State under such contract. State v. Perlstein, 79 S.W.2d 143 (Civ.App., writ dism.); State v. Steck, 236 S.W.2d 866 (Civ. App., error ref.).

Therefore, we are of the opinion that the two deeds from the Prison Board to the Humble Pipeline Company were executed without authority to bind the State and that the Humble Pipeline Company has no present right or authority by virtue of such deeds to lay additional lines across the subject lands at this time.

## SUMMARY

The Humble Pipeline Company has no authority or right to lay additional pipe lines across Texas prison lands under easement grants made in 1928 by the Texas Prison

Honorable O. B. Ellis, page 3 (WW-120)


Board since such grants were made without authority.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Robert O. Smith
Assistant

APPROVED:

OPINION COMMITTEE:

H. Grady Chandler, Chairman
Elbert M. Morrow
Marietta M. Payne
Riley Eugene Fletcher

REVIEWED FOR THE ATTORNEY
GENERAL BY:

Geo. P. Blackburn